will be argued next. Good morning, Your Honors. Alessandra Yates on behalf of Defendant Appellant Alberto Maciel-Alcala, and I'll be reserving some of my time for rebuttal. Your Honors, the recent Supreme Court case of Flores Figueroa v. United States provides the framework for this Court to analyze the Aggravated Identity Theft Statute. And Flores is important for three reasons. First, it tells us that both knowledge and an actual real victim are required for a defendant to be guilty under this statute. Second, it tells us that the defendant is not guilty under this statute. Second, Flores Figueroa directly rejects much of the reasoning relied on by the First and the Eighth Circuits in coming to a conclusion that is opposite the one that I am advocating today. And third, Flores Figueroa very clearly rejects practical enforcement as a valid concern in construing this statute. Now, regarding the requirements for guilt that we can discern from Flores Figueroa, under Flores, for a defendant to be guilty of Aggravated Identity Theft, we need two things, both knowledge and a real victim. And both factors must be present to convict. So what that means for this case is that the word person cannot be construed to include the deceased. Because the – But, okay, so now you're getting to the crux of it. Isn't a deceased person a real person as opposed to a fictitious person, which is what was being discussed in Flores Figueroa? No, Your Honor, both because of the common law and ordinary meaning of the word person. But also, in Flores, the Court uses language about whether the defendant had the intent to harm. And that really bespeaks a real victim. And this makes sense because of what we can tell the purpose of the Aggravated Identity Theft statute was. Of course, this statute only comes into play when you also have a predicate offense. And that predicate offense could best be referred to as identity fraud. That's going to be a bank fraud or a passport fraud. Well, let's – I mean, first off that, is person ambiguous? Do we have to go beyond that? Do you concede that? No, Your Honor, I would not concede that. I would say that based on the longstanding common law meaning of the word person, particularly as interpreted authoritatively by Guyton in this circuit, and also the ordinary meaning of the word person, that it is not ambiguous. But if this Court disagrees and moves on to legislative history, clearly there's not much there to go on. And I believe this Court must move on to the rule of lenity, which certainly counts as in favor of the statute. Well, the rule of lenity, though, my understanding of this would be, assuming that there's an ambiguity, and I don't know, from my perspective, you would have a hard time convincing me that there isn't some ambiguity, that people just because they die weren't people or weren't persons. But then, to me, the next point would be to go into whatever we call legislative history or, you know, around to see, you know, other rules in terms of can we find anywhere else in the statutory scheme. And if, after doing all of that, we can't resolve what – none of that tells us clearly what it means, then the rule of lenity would come into play. Am I – are you advocating once it's ambiguous, we have to – ambiguity, rule of lenity, end of story? Yes, Your Honor. Absolutely. Once it's ambiguous, based on the plain language of the text, of course, the Court moves on to legislative history. But because that is really a black hole for this statute, then the Court would move on to the rule of lenity. And this really is the classic case for the rule of lenity, because here we're talking about a mandatory statute or a mandatory punishment. And so this Court should be particularly concerned with being under-inclusive rather than over-inclusive in terms of the defendants that get roped into it, because there's always going to be the underlying identity fraud conviction. And to the extent this Court narrows who moves on to the aggravated identity theft, well, the district court can take account of whatever sentencing factors are appropriate on the underlying identity fraud conviction. But, you know, the facts of this case point out why a knowledge requirement that the person is alive would really hinder enforcement of the statute contrary to Congress's intent. Because here, as I understand it, the person just went to the Orange County Registrar and asked with a false identification and asked for a birth certificate and was given one. Now, I don't know if that person they would have any way of knowing whether that person was dead or alive. You know, maybe they figured out it was a dead person, that's why they asked for it, but maybe not. And then that birth certificate can be used to cause all sorts of trouble, like obtaining a passport, creating other false identification, getting a driver's license. And I think isn't that exactly the harm that Congress was intending to get at? Well, I would respectfully disagree, Your Honor, because the Supreme Court, of course, Figueroa tells us that that can't be the case. Yes, it will certainly make prosecutions more difficult in some cases, although not at all impossible, but certainly more difficult under the reading of the statute that I'm advocating. But the Court in Flores-Figueroa is crystal clear that practical enforceability is not a valid concern in construing this statute. And, in fact, just last year in the Santos case, the Supreme Court also discussed this issue and rejected the argument that practical enforceability is a valid concern and, in fact, said that turns the rule of lenity on its head, because basically courts, when a statute is ambiguous, are supposed to construe it in favor of the defendant, not in favor of the prosecution. So to use practical enforcement concerns would turn the rule of lenity on its head. Right. But when the Supreme Court was commenting on practical enforceability, it was talking about the classic case of identity theft, for example, where you're taking a credit card of someone and using that to purchase items. That's a classic case. I'm not sure getting someone's birth certificate falls into the same realm of characterization. Well, certainly the Court did not distinguish whether its decision would apply in various types of cases. I mean, that's one of the issues we're looking at. Does it apply to this type of case? Well, yes. And in Flores-Figueroa, the defendant there did use a Social Security number that, in fact, it turned out belongs to a real person who we could presume may have suffered some harm from that. It's not clear from the face of the decision itself. But that was not crucial for the Flores-Figueroa court, because we needed both the actual victim, but also the knowledge of that person existing. And the same parallel exists in this case. The fact that there was a living victim in Mr. Maciel's case is not sufficient. Flores-Figueroa tells us that we also needed Mr. Maciel to have that knowledge, and the government conceded at trial that they could not prove that. Counsel, when you talk about identity theft, I think the – I mean, I'd like to construe a statute to accomplish its purpose, and it seems to me you're very convincing when you say that it has to be a living victim. I'm not so – and I'm willing to construe the act that way. But I don't know that you – that the perpetrator has to know that the victim is living. There'd be sufficient protection if you just made sure there was a living victim. Well, certainly Flores-Figueroa court uses language that indicates that the penalty of 1028A is reserved for victims who have knowledge of the harm that they inflict. And this does make sense, because we're talking about a mandatory penalty here. And usually those are reserved when people – when a defendant knows that they are causing further harm. The defendants are already – who may or may not fall into the aggregated identity theft. There'd be enough requirement. I mean, to get the enhancement, you have to knowingly use somebody else's identity documents or something like that. It's not something that's done innocently when you have that much of a requirement. But you steal somebody's credit card bill out of their mailbox or something. You know you're taking somebody else's identity, but how do you know whether they're alive or dead that day? I can see requiring that they be alive, that there be a real victim, but I just don't know why it makes sense to require the prosecution to prove that somebody knew it. Well, I think that the Supreme Court has authoritatively decided that the knowledge requirement does apply, and if this Court does construe person to exclude the deceased, then the knowledge must flow from that under floris. But that does make sense under the purpose, because we need to distinguish between the underlying identity fraud and then the identity theft. The victim of the identity fraud is going to be a bank or a credit card company. But you get an aggregated penalty, an additional two years, because we have an additional victim, someone that's been harmed. Someone has to deal with their credit being ruined. And that's why some cases are more aggravated. And so it's going to work. But why are you assuming that if you steal someone's birth certificate who is deceased that nobody's going to be harmed? No. That person might not be harmed.  Credit card companies. The families might be harmed. Well, certainly the credit card companies would be covered by the harm of the underlying identity fraud. Those additional harms could be taken into account by the district court in the predicate in the sentence on the predicate conviction, which will already be there. The question is whether we want to impose a mandatory penalty that is over-inclusive in the situations where that harm is not intended. Also, I guess this one last question that I'm struggling with, because this is such an interesting issue, and we do have Flores Figueroa. Wouldn't – okay, Congress could have said in the statute living person, and that would have narrowed it. Or it could have said living and deceased persons, and that would have broadened it. But it said just person. So why shouldn't we construe it the most broadly? Since clearly this is – I think this is part of the post-9-11 series of acts where Congress was clearly intending to prevent people from using other people's identification to get into the country or to get on airplanes or other things like that. So why shouldn't we construe it the most broadly as possible, consistent with Congress's intent? Two reasons, Your Honor. First of all, those homeland security concerns are dealt with in subsection A-2, which casts a broader net. But more to the point, in Flores – the First and the Eighth Circuit used similar reasoning in talking about all possible means for the term person and saying that the word person does not necessarily mean deceased individuals. Flores Figueroa explicitly rejects that reasoning that was relied on prior to the case coming down. And what they say is the question is not what a word – whether a word necessarily has a certain meaning, but it's whether ordinarily has a certain meaning. And I think the dictionary definitions and the case law, particularly this Court's precedent in Dighton, are clear that the ordinary meaning of person is a living human being. Whether it could be used to describe the dead is not the question. And Flores Figueroa is very clear on that, and that's faulty reasoning that the First and the Eighth Circuit used. Where were they relative to Flores Figueroa? They came before. So they did not have the benefit of Flores Figueroa, which rejected that reasoning, which also implicitly rejects the parallel between subsection A-1 and A-2 that those courts rely on, because that same so-called absurdity would take place under Flores Figueroa now. So they did not have the benefit of Flores Figueroa. This is, in my understanding, the first appellate court to consider the question in light of the Supreme Court's ruling there. Thank you, Your Honor. Good morning, Your Honors. May it please the Court. My name is Yvonne Garcia, and I appear on behalf of the United States of America. The meaning of the term person in Section 1028A, as the two circuits have held, the First and the Eighth Circuits, is clear. The person includes both the living and the deceased. As the Court noted during the defense counsel's argument, Congress could have easily imposed limiting language on that term had it wanted to specifically focus on only identity theft of living persons, but it chose not to do that. And part of the reason it chose not to do that is the broader purpose of the statute to combat this large problem of identity theft that Congress identified had been growing and had not been addressed. Now, the key to ascertaining the meaning of person in the statute itself is not just based on dictionary definitions, but also on the context of the term as it's used in the statute. So your initial position is it's clear, so we don't have to go beyond that. But if we say it's ambiguous, are you saying that the reviewing the other statutory scheme in the legislative history makes, clears that up? Yes, Your Honor. That's correct. The government's position is that the rule of lenity does not need to be used in this case, because even if the court were to find that the text is ambiguous, once you go to the other tools of statutory construction, including legislative purpose, comments made by the cosponsor of the legislation during a subcommittee hearing, those relevant factors make it clear that the term in this case, in this statute, is a broad term that's used to encompass both living and deceased victims. If you go to legislative purpose, how can it have been the purpose to protect the identity theft of a dead person? Well, Your Honor, the purpose of the statute was not just focused on individual harms to living consumers, harms to their credit. If you look closely, it is also geared toward a larger, larger combating of identity theft. They mention in the legislative history that they want to combat the increased damage that's done to corporations as a result of these identity theft crimes. And when you use the identity of a dead person, basically that facilitates identity theft in a way that is not possible when it's a living person. A dead person can't. Well, that person's identity is, I mean, is not being stolen. There are other, if you use false statements in documents, you're using a dead person's documents, there are crimes, that's a crime under various statutes. But I don't know that it really is identity theft if the person's dead. Well, Your Honor, I — It just doesn't seem to me to be the evil that Congress is trying to legislate against. I don't know. Your Honor, I would submit that Congress is trying to deter this type of activity. As an initial matter, theft of a deceased person or use of a deceased person's identity is less easy to identify because you don't have the person there to recognize that certain negative unauthorized charges are being used with their credit cards, that their Social Security number is popping up and being used inappropriately. There's no one there to identify that that's happening. In addition to that — That's true of a purely fictitious person, too. That's correct, Your Honor. But in this situation, you also have — let's take a situation where someone is recently deceased. Their estate may not have yet been cleared up, and use of that person's identity could have damage to the estate, which could cause harm to living family members and survivors of that deceased person. So to claim that — or to take the position that use of the dead person's identity does not have a harm or is not somehow the harm that Congress intended to prevent, I think is an incorrect one. In addition, I think the facts of this case really illustrate how defendants' interpretation is too narrow for this statute and would not effectuate Congress's intent. As noted by the Court, this is a situation where the defendant clearly knew that this was a real person's identity that he was using. But by virtue of the fact that he essentially didn't know the person personally and couldn't verify that it was a living person, the position is that he's not guilty of stealing this person's identity, even though he had created a driver's license using it. He had gotten additional copies of the victim's birth certificate. This theft went on for many years. Yes, this person happened to be alive, the actual victim in this case. That's correct, Your Honor. The victim was alive. He lived in Arizona. He did come testify at trial. And the only issue was whether the defendant knew that the victim was alive. That's correct, Your Honor. But he knew he was stealing the birth certificate of not himself, so another person. Exactly. He knew that he was misappropriating the identity of somebody else who was a real person. Whether or not that person was alive or deceased, there's no way to show that defendant knew that fact, because there is slight circumstantial evidence he was able to go and obtain a birth certificate, but we don't have evidence that he would have received any information about that person being alive or dead. And is it still that simple to get a birth certificate in Orange County? I believe it is, Your Honor. He walked in with an identification card showing that his name was the victim's name, Ramon Ramirez, and with that card and the Social Security number, I believe, was able to It's a process that would work for somebody. If you were really that person and showed up with your identification card, it makes it simple for you to get another copy if you were to lose your birth certificate. But in this situation, it also facilitates fraud. Well, what is the ordinary meaning of the word person? I, Your Honor, the government's position is that the ordinary meaning in layman's terms is not one set meaning. Some dictionary definitions, for example, do specifically limit it to living person. Others don't make any sort of distinction. But in this situation, once you take a look at the statute as a whole and the context that it was enacted in the language, the reading of the statute has no limitation upon that word. And I'd like to respond to defense counsel's argument that the Ninth Circuit has already decided the meaning of the term person in Guyton v. Phillips. That case was a limited case that specifically held that the term person with respect to use in the civil rights statute at issue was limited to the – to living person. But the general statement that the court made is not binding precedent for all statutes and for all time. Well, okay, after Flores v. Roeb, we have to apply knowingly to every element, including another person. That's clear law now from the Supreme Court. So is it possible to knowingly still the identity of another person not knowing whether they're dead or alive? I mean, in a way, it almost seems irrelevant whether they're dead or alive. Under the government's interpretation, it does not matter whether the defendant knows if the victim is dead or alive. I'm just sort of thinking out loud because Flores did – I mean, it's kind of an odd decision, but it was joined by so many of the justices that I'm assuming they're going to be applying that requirement. It's just – so, I mean, they know it's another person. They don't know whether the person's dead or alive. In this case, it's almost preferable if the person's dead because then they're less likely to get caught. That's correct, Your Honor. And I would submit that even after Flores v. Roeb, Flores v. Roeb does not mandate that the court decide that the person – the victim here must be alive. All it says is that the defendant has to know that the victim was a real person, and it goes no farther than that. Essentially, what it boils down to is that there's no requirement that the person, the victim, be receiving a harm. What's at issue here is what the statute is trying to prohibit. And the statute is trying to prohibit the theft of a person's identity to combat this problem of identity theft. And to read the statute in the narrow view that the defense reads it doesn't effectuate the purpose of the statute, and it essentially would limit and narrow the statute to such an extent that the government could only prosecute situations where the victim and the defendant knew each other or were personally acquainted. Because it's hard to imagine situations beyond that that one would be able to show that a defendant knew that the victim was a real person. So in order to effectuate the intent of Congress, I submit that a – Well, you mean a living person instead of a real person. A living person. They have to know they're a real person.  Okay. And so in order to – I see my time is up, but in order to – just to sum up, we submit that the correct interpretation is that it refers to both the living and the deceased. Thank you. Did you have some time left? No. I think we're both done. Did you do it? No. All right. Okay. Thank you very much, counsel. Interesting argument. United States v. Nancy Alicala is submitted.
judges: Canby, Wardlaw, Callahan